DATE FILED: August 19, 2019 5:50 PM
FILING ID: 277F263A4BB4A
CASE NUMBER: 2019CV33182

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>Court Address: 1437 Bannock Street<br>Denver, CO 80202 | |
| Plaintiff: Anthony Arpaio<br><br>v.<br><br>Defendant: Allstate Insurance Company | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br>Patric J. LeHouillier, #7984<br>Theodore R. Ridder, #43755<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-759-5203<br>E-Mail: lehouillierp@fdazar.com<br>E-Mail: riddert@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

COMES NOW Plaintiff, Mr. Anthony Arpaio, by and through his attorneys, Patric J. LeHouillier, Esq. and Theodore R. Ridder, Esq., of the law firm of Franklin D. Azar and Associates, P.C., for his Complaint against the Defendant. Plaintiff states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Anthony Arpaio (hereafter "Plaintiff") is an individual and resident of the State of Colorado.

2. Defendant Allstate Insurance Company (hereafter, "Allstate") is a corporation doing business in the State of Colorado.

3. Venue is proper in this action pursuant to C.R.C.P. 98 because the tortious conduct upon which this Complaint is based was committed in Jefferson County, State of Colorado.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5. On or about August 24, 2016 at approximately 2:50 P.M., Plaintiff was driving a 2008 Lexus RX400.

6. Zaina Elsloo (hereafter, "Ms. Elsloo") was driving a 2000 Toyota Camry.

7. Arland Thompson (hereafter, "Mr. Thompson") was driving a 2000 Toyota Land Cruiser.

8. On the date and time in question, Mr. Thompson was driving directly ahead of Plaintiff in the leftmost lane of eastbound West Bowles Avenue.

9. On the date and time in question, Plaintiff was driving directly ahead of Ms. Elsloo on in the leftmost lane of eastbound West Bowles Avenue.

10. On the date and time in question, Mr. Thompson stopped his Land Cruiser directly ahead of Plaintiff.

11. On the date and time in question, Plaintiff brought his 2008 Lexus to a stop behind Mr. Thompson.

12. Ms. Elsloo failed to bring her Camry to a stop behind Plaintiff.

13. The front of Ms. Elsloo's Camry struck the rear of Plaintiff's Lexus.

14. Plaintiff's Lexus was propelled forward by the collision with Ms. Elsloo.

15. The front of Plaintiff's Lexus struck the rear of Mr. Thompson's Land Cruiser.

16. Ms. Elsloo was negligent and caused the collision with Plaintiff.

17. Plaintiff suffered physical injuries as a result of the collision with Ms. Elsloo.

18. Plaintiff suffered physical impairment as a result of the collision.

19. Mr. Thompson was not negligent in this collision

20. Plaintiff was not negligent in this collision.

21. No third party caused, or contributed to the cause of, the collision.

22. No third party caused, or contributed to the cause of, Plaintiff's injuries, damages and losses.

23. On or about August 24, 2016, Ms. Elsloo had a liability insurance policy on her 2000 Toyota Camry.

24. Plaintiff filed a Bodily Injury Liability claim with Ms. Elsloo's MetLife Insurance policy #2663146010.

25. On the date in question, Plaintiff was insured by Allstate. The Allstate policy #648199666 included UM/UIM coverage in the amount of $1,000,000.

26. On or about December 28, 2016 Plaintiff filed an underinsured motorist claim against Allstate policy #648199666.

27. MetLife Insurance offered to settle Plaintiff's claim by paying him $100,000.

28. The maximum payable to Plaintiff under Ms. Elsloo's MetLife policy for bodily injury claims was $100,000.

29. On May 30, 2017 Allstate consented to Plaintiff's acceptance of MetLife's settlement offer.

30. On September 16, 2018 Plaintiff agreed to accept the limit of the bodily injury liability coverage on the policy covering the Camry in settlement of his claim against Ms. Elsloo.

31. At the time of the collision, Ms. Elsloo was underinsured.

32. Plaintiff has a valid underinsured motorist claim against Allstate policy #648199666.

33. Plaintiff was injured as a result of an underinsured driver's negligence.

34. Plaintiff has suffered physical impairment.

35. Plaintiff submitted his claim to Allstate in a timely manner.

36. Plaintiff has cooperated with Allstate's investigation of his claim.

37. Plaintiff's medical bills to treat collision-related injuries total more than $300,000.

38. In evaluating Plaintiff's underinsured motorist claim, Allstate informed Plaintiff that the $100,000 collected from MetLife covered the costs and no Fisher payments were owed.

39. Allstate reduced Plaintiff's medical bills in an unreasonable unlawful manner.

40. Allstate knowingly reduces medical bills in an effort to avoid paying compensation to their insureds.

41. Reducing medical bills is a standard policy at Allstate.

42. Reducing bills violates Colorado law.

43. Allstate used a website, HealthCareBlueBook.com, to determine the value of Plaintiff's noneconomic damages.

44. Allstate has no reasonable basis to use HealthCareBlueBook.com to reduce medical bills incurred by its insured following a motor vehicle collision.

45. Allstate has failed to reasonably evaluate Plaintiff's noneconomic damages.

46. Allstate has failed to reasonably investigate Plaintiff's claim.

47. Allstate has failed to pay first-party benefits owed to Plaintiff.

48. Plaintiff has complied with the conditions precedent in his contract with Allstate.

49. Allstate does not dispute that Plaintiff was injured in the collision.

50. Allstate has not consulted a medical expert for an opinion regarding Plaintiff's injuries.

51. Allstate does not dispute the nature and extent of Plaintiff's injuries.

52. If Allstate disputes Plaintiff's injuries, it has failed to make him aware of this dispute.

53. This failure to adequately communicate with Plaintiff about the dispute violates Colorado law and insurance regulations.

54. Allstate has failed to make a reasonable offer to Mr. Arpaio for his underinsured motorist benefits.

55. Allstate's inadequate and unreasonable investigation has resulted in the delayed payment of underinsured motorist benefits to Plaintiff.

56. Allstate has made no payments to Mr. Arpaio, pursuant to *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, *aff'd*, 418 P.3d 501.

57. Allstate's failures in Plaintiff's case do not meet the standard set forth in Allstate's own claim handling manual.

58. Allstate has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

59. Allstate's conduct failed to comply with insurance industry standards in Colorado.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT-UIM BENEFITS)

60. Plaintiff incorporates all prior allegations as though fully set forth herein.

61. Sometime prior to the accident, Plaintiff, entered into a contract with Defendant Allstate for the purpose of obtaining automobile insurance on his 2008 Lexus RX400, which policy includes coverage for claims involving underinsured motorists.

62. Plaintiff has advised Defendant Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate in connection with the claim.

63. Plaintiff is an intended beneficiary of Defendant Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

64. Plaintiff is entitled to be compensated by Defendant Allstate for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency, physical impairment, and disability under the under-insured motorist coverage of the policy in excess of the MetLife bodily injury limit.

### SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM
### UNDER C.R.S. § 10-3-1116)

65. Plaintiff incorporates all prior allegations as though fully set forth herein.

66. Defendant Allstate has denied payment of uninsured motorist benefits to Plaintiff without a reasonable basis for its action.

67. Defendant Allstate's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

68. In accordance with C.R.S. §10-3-1115 and C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant Allstate two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW BAD FAITH)

69. Plaintiff incorporates all prior allegations as though fully set forth herein.

70. Defendant Allstate owed Plaintiff a duty to act in good faith in investigating, evaluating and paying his claims.

71. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling this Plaintiff to institute litigation to recover amounts due him under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

   b. Favoring the interests of Allstate, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;

   c. Failing to provide or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;

   d. Unreasonably reducing Plaintiff's medical expenses;

   e. Failing to consider the full amount of Plaintiff's medical bills; and

   f. Incompetently evaluating Plaintiff's claim.

72. Defendant Allstate's actions were unreasonable.

73. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

74. As a direct result of Defendant Allstate's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;

    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and

    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY SIX JURORS ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 19th day of August, 2019.

          FRANKLIN D. AZAR & ASSOCIATES, P.C.

          By: */s/ Theodore R. Ridder*
          Theodore R. Ridder, #43755
          Patric J. LeHouillier, #7984
          ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**7295 South Mt. Holy Cross**
**Littleton, CO 80127**